## SUPREME COURT.

JOHNSON agt. SNYDER AND SCHENCK, Assignee.

SAME agt. SAME, AND WISWALL, substituted Assignee.

Where two partners failed, and an assignment was made by one of them, approved by the other, to pay certain debts of the concern, and among other property assigned, was a balance of $5,409, due by the partner who made the assignment, to the firm :

On a claim by the other partner to an account for his share of the $5,409, on the ground that he had paid certain notes and judgments due by the firm. *Held,* it appearing that there were creditors protected by the assignment, who were not paid, that these creditors had a prior right to be paid out of that debt.

Consequently, they should be called in and represented, by a proper amendment of the complaint, before any decree could be made for the plaintiff.

*New York Special Term, November, 1853. This cause was heard on pleadings and proofs.*

T. E. STEWART, *for Plaintiff.*
J. M. PLATT, *for Defendants.*

MITCHELL, Justice.—Johnson and Snyder were partners, and failed, and an assignment was executed to Schenck, by Johnson, and approved by Snyder, of certain property, to pay certain debts of the concern, and among other property assigned was a balance of $5,409, due by Snyder to the firm.

Schenck died, and Wiswall was substituted assignee, in his place.

The plaintiff claims that he is entitled to an account against Snyder, his late co-partner. He proves that certain judgments due by the firm, have been satisfied as to him alone. That does not show any benefit conferred by him on Snyder, or give him any right to call Snyder to account. Under our statute allowing one partner to be released, and the liability of the other to be retained, he has obtained these discharges, which are beneficial to himself alone, and leave Snyder liable to pay as much on those judgments as he was bound to pay before, as between him and Johnson.

The plaintiff also produced certain notes of the firm, in his possession, and claimed that their possession showed that he had paid their face for them. Their possession merely showed that he had obtained a discharge of himself and partner from them. It did not show what he paid for them. The creditors may have given them up for nothing, or for a very trifling consideration, and his partner can only be accountable for his share of what Johnson actually paid for them. The plaintiff's proof failed, therefore, as to those matters.

The parties then stand precisely as they did before the assignment, except that the plaintiff has for his own benefit, and without benefit to Snyder, procured his own discharge from certain debts.

It also appears that there were some creditors protected by the assignment who are not yet paid. They are entitled to be paid before the plaintiff, and their demands being secured by the deed in trust, are no more barred by the statute of limitations than the plaintiff's demand is. If the plaintiff is therefore entitled to call the defendant to account, for the plaintiff's share of the $5,409, due by Snyder to the firm, the creditors who are secured by the trust deed have a prior right to be paid out of that debt; they, therefore, must be called in and represented in some way, before any decree can be made for the plaintiff.

The plaintiff should amend his complaint so as to call the trustee to account for all moneys received under the assignment, and should show that he, the plaintiff, did not use the trust funds to obtain the releases and discharges given to him, or if he did, how much he used of them, and offer to account for all the assigned property which the assignee allowed to come to his hands, and to have the assigned property duly applied to discharge any unsatisfied debts secured by the assignment; and then can claim, that on the prior accounts being settled, the defendant, Snyder, may account to the plaintiff for any balance that may then be found due by Snyder to the plaintiff—the plaintiff offering to pay the balance if he shall be found to be indebted to Snyder.

This alters so much the scope of the bill, that the amendment can only be allowed on payment of all costs since the filing of the original bill.

If the plaintiff does not accept these terms the complaint must be dismissed with costs. The new complaint must contain a precise account of moneys paid by plaintiff for the firm, and of the assets assigned received by him, and how they were disposed of, and what he actually paid on obtaining any discharge.